FILED

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

2015 JAN 20  PM 3: 56

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

DAVID LAMBERT,

Plaintiff,

-vs-                                                 CASE NO.:

SEMINOLE COUNTY                     6:15-CV-78-ORL-18DAB
SCHOOL BOARD,
A Florida Governmental Entity

Defendant.
_____/

## COMPLAINT

Plaintiff, DAVID LAMBERT, by and through his undersigned counsel, sues the Defendant, SEMINOLE COUNTY SCHOOL BOARD, and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1.      Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

2.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney's fees and cost.

3.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331, 1332.

4.      Venue is proper in this District because the acts and transactions and the alleged violations described herein occurred in Brevard County, Florida.

## FACTUAL ALLEGATIONS

5.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Brevard County, Florida.

6.     Defendant is a governmental entity and a citizen of the State of Florida with its principal place of business at 400 E. Lake Mary Boulevard, Sanford, Florida.

7.     Upon information and belief, and at all times material hereto, Defendant either used, or caused to be used by its telephone call venders, automatic telephone dialing systems and/or dialing systems using an artificial and/or prerecorded voice, including but not limited to a PC-based "Call*plus+* " dialing system, for the purpose of making telephone calls to individuals, including Plaintiff, for substitute teaching opportunities at schools within its district; which schools included, but were not limited to, Midway Elementary School located at 2368 Brisson Avenue, Sanford, Florida.

8.     Defendant, either directly and/or through its call vendors, negligently, willfully and/or knowingly telephoned Plaintiff on numerous occasions using an automatic telephone dialing system and/or a dialing system which used an artificial and/or prerecorded voice, including the aforementioned Call*plus+* system, to call Plaintiff's cellular telephone number (321) 420-2427 several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

9.     At all times material hereto, Plaintiff was the subscriber, regular user, and carrier of the cellular telephone, with the cellular telephone number (321) 420-2427, for whom MetroPCS/Cricket Communications was the cellular service provider.

10.     Plaintiff began receiving these automated, prerecorded voicemails from Defendant in approximately February, 2013 requesting the called party's availability to be a substitute teacher for Midway Elementary School. The artificial and/or prerecorded voice in the message left by Defendant would request the called party to enter their employee "ID" and respond with their availability. These automated calls would be made to Plaintiff's cellular telephone three (3) to six (6) times a day, up to twenty (20) times a week.

11.     Plaintiff is not, nor has he ever been, an employee of the Defendant's school district and has never been a teacher or substitute teacher. Plaintiff never signed up with the Defendant to receive such calls.  Upon receiving these calls, there was an artificial and/or prerecorded voice prompt in the message that stated, "... *if you are not* ____ *press #2*". Plaintiff would press the number two (2) on his cell phone in an attempt to get the calls to stop, but and the calls would simply disconnect.

12.     In approximately September, 2013, Plaintiff contacted the Midway Elementary school to request that his number be removed from their autodialer system and to have it stop calling him. The school informed him that they could not stop the calls; that the calls came from a system that keeps calling all the numbers on their call list until a substitute teacher is found.

13.     Plaintiff then called the number calling his cellular telephone, 407-320-6493, but when answered it is an automated system that tells the caller to enter their 5 digit identification code, which Plaintiff never has had. Despite pressing "0" in the hopes of being connected to a human being, the system just disconnected with no way for the Plaintiff to have his number removed from their calling list.

14.     The calls continued and, in desperation, Plaintiff then contacted the Defendant via the Superintendent of the School District, Dr. Walt Griffin's office, in approximately October, 2013

in an attempt to have the calls stopped. The Superintendent's office transferred Plaintiff to the Defendant school district's Human Resources Department, who told the Plaintiff that they would take care of the problem and have his number removed from their call list of substitutes.

15.     Despite informing the Defendant that he was not a teacher or employee of the school district, requesting the calls to stop, and requesting to have his number removed from Defendant's dialer system, the automated calls continued up to six (6) times a day and continued until at least August of 2014; which was after Plaintiff even provided Notice to Defendant of its conduct and Plaintiff's intent to sue.

16.     Plaintiff never gave Defendant his prior written consent to be called or contacted on his cellular telephone number, and is not the person(s) for whom Defendant was placing the calls to Plaintiff's cellular telephone number.  Plaintiff further, on multiple occasions, revoked any consent that Defendant believed it may have had, both verbally and by pressing "0" on his phone to get the calls to stop.

17.     Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer); and to dial such numbers as specified by 47 U.S.C §227(a)(1) and/or a dialer system that used an artificial and/or pre-recorded voice (hereinafter "autodialer calls").

18.     Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number was done so without the "prior express consent" of the Plaintiff.

19.     In approximately February, 2013, Plaintiff began receiving autodialer calls from Defendant on his cellular telephone number, (321) 420-2427, with prerecorded automated messages looking for a substitute teacher for Defendant's Midway Elementary School. Upon

4

information and belief, Defendant placed Plaintiff's cellular telephone number in error into their Call*plus*+ system. Plaintiff, himself, has never worked for the Defendant's school district in any capacity.

20.     Despite repeatedly informing Defendant that he was not the person Defendant was attempting to contact Defendant's autodialer calls to Plaintiff's cellular phone continued. While Plaintiff has not attempted to document each and every autodialer call from Defendant, attached hereto as **Exhibit "A,"** is a true and correct copy of a list of some of the Defendant's autodialer calls to Plaintiff's cellular telephone number. **Exhibit "A"** is not a complete list of all of Defendant's autodialer calls, as Defendant has made many more calls than are reflected on **Exhibit "A."**

21.     Upon belief, and based on the information provided to Plaintiff by both Midway Elementary School and the Defendant, Defendant has a policy to use an automatic telephone dialing system and/or a pre-recorded or artificial voice dialing system to make calls to its potential substitute teachers, just as they did to the Plaintiff's cellular telephone in this case, with no way to ensure the removal of the incorrect number and person being called.

22.     Despite knowing that Plaintiff, the called party, subscriber, regular user and carrier of the cellular telephone in question, had not consented to the calls, the Defendant continued to make autodialer calls to Plaintiff cellular telephone number.

23.     Upon information and belief, Plaintiff received approximately several hundred autodialer calls from Defendant, from February, 2013 through the filing of this complaint, the autodialer calls continued beyond September, 2013 (See **Exhibit "A"** attached hereto).

24.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals, like Plaintiff herein, advising Defendant that:

(a) they are calling the wrong party;

(b) they are not an employee of Defendant;

(c) they are calling the wrong cellular telephone number; and

(d) to stop calling.

25. Defendant failed to act upon and/or deliberately ignored Plaintiff's repeated requests to stop Defendant's telephone calls and/or knowingly employed methods and/or a policy which provided no means for the Plaintiff to have his cellular telephone number removed from Defendant's autodialer call list and/or system.

26. Defendant willfully and/or knowingly used an automated calling system that is set up in a manner which makes it virtually impossible for the automated calls to stop.

27. Defendant knowingly employed methods that did not permit the removal of Plaintiff's cellular telephone number from Defendant's autodialer system and/or did not permit the cessation of calls to the Plaintiff.

28. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

29. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C.§227(b)(1)(A).

30. Due to Defendant's constant calls Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

31. Notice, pursuant to F.S. § 768.28, was provided to Defendant and to the Florida Department of Financial Services, 200 East Gaines Street, Tallahassee, Florida 32399-0338 on March 26, 2014, a true and correct copy of which is attached hereto as **Exhibit "B"**, and said

Notice was acknowledged by Defendant via letter dated September 3, 2014, a true and correct copy of which is attached hereto as **Exhibit "C."**

32.     All conditions precedent to the maintenance of this action have been performed by Plaintiff and/or have been accepted, excused, waived or otherwise ratified by Defendant.

<u>COUNT I</u>
**(Violation of the TCPA)**

33.     Plaintiff incorporates Paragraphs one (1) through thirty-two (32), as if fully set forth herein.

34.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

35.     Defendant violated the TCPA with respect to Plaintiff as to all autodialer calls it made to Plaintiff's cellular telephone number without his prior express consent, and Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, specifically as to all autodialer calls made by Defendant to Plaintiff's cellular telephone after Plaintiff first informed Defendant to stop calling his cellular telephone number.

36.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

       **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

1/15/15

Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff