IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID LAMBERT,

Plaintiff,

-vs-

SEMINOLE COUNTY
SCHOOL BOARD,                               CASE NO.: 6:15-CV-78-ORL-18-DAB

Defendant.
_____/

**PLAINTIFF, DAVID LAMBERT'S, REPLY TO DEFENDANT'S [DOC. 29] RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, DAVID LAMBERT, by and through his undersigned counsel, hereby files his reply to Defendant's, SEMINOLE COUNTY SCHOOL BOARD ("SCSB"), Response to Plaintiff's Motion for Summary Judgment [Doc. 29], and would state as follows:

### I.  THE TCPA APPLIES TO THE DEFENDANT

As a threshold matter, the Plaintiff objects to the Defendant's untimely and wholly improper request for summary judgment in its favor for arguments, such as this one, which were first raised in its response to the Plaintiff's motion for summary judgment. The Defendant had ample opportunity to request summary judgment on these issues in its own summary judgment motion, yet inexplicably failed to do so. The Defendant should not be permitted to procedurally disadvantage the Plaintiff by requiring him to respond to new issues for summary judgment within the limited confines of a reply, nor should the Defendant's tardiness in raising these issues be excused.

Notwithstanding the above objection, the Defendant's arguments are clearly without merit. Most importantly, it is evident that treatment of the Defendant as a "person" is entirely

consistent with both the letter and spirit of Florida law. Section 768.28 of the Florida Statutes, which provides for a limited waiver of sovereign immunity in tort actions, specifies that "[t]he state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a **private individual under like circumstances**." §768.28(5), Fla. Stat. (2015) (emphasis added). The TCPA is a "statutory tort." *See Hartley-Culp v. Green tree Servicing, LLC, Fannie Mae, et al.*, 2014 WL 5088230, \*5 (M.D. Pa Oct. 10, 2014)(holding that Fannie Mae, a federal instrumentality, can be held liable for violations of the TCPA, which it characterized as a "statutory tort"); *see also, Thomas v. Taco Bell Corp.*, 879 F.Supp.2d 1079, 1084 (S.D. Cal. June 25, 2012) (characterizing the TCPA as "a tort action"); *Mey v. Pinnacle Security*, LLC, 2012 WL 4009718 (N.D. W.Va. Sept. 12, 2012)(noting that the TCPA is a "statutorily created tort right of action"). In light of the state of Florida's statutory pronouncement that the state or any of its instrumentalities may be sued as a "private individual under like circumstances" in tort cases, there can be little doubt that the Defendant has been properly sued as a "person," even if it otherwise qualifies as a "sovereign."

Notably, the Defendant's arguments also put the cart before the horse, assuming that the Defendant is a "sovereign" to which it contends the term "person" does not apply, when the sole case cited by the Defendant on the issue of sovereign immunity for a Florida school board, *Campbell v. Gadsden County Dist. Sch. Bd.*, 534 F.2d 650 (5th Cir. 1976) held that Florida school boards do not enjoy "sovereign" status. Indeed, contrary to what is argued by the Defendant, there is case law establishing local governments, municipal corporations, and school boards, like the Defendant, are in fact "persons" subject to liability when they violate another person's federally protected rights, and are not wholly immune from suit. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658 (1978); see also, *Laredo Rd. Co. v. Maverick County*, 389 F. Supp. 2d 729

2

(W.D. Tex. 2005)(holding that a county government was a "person" as stated by 42 U.S.C § 1983 and as defined by 1 U.S.C. § 1). Notably, the FCC has also suggested that school systems are subject to the TCPA, holding that "prerecorded messages that are non-telemarketing, informational calls, such as calls by or on behalf of a tax exempt non-profit organization, calls for political purposes and calls for other non-commercial purposes, including those that deliver **purely information messages** such as **school closings** [...] continue to require some form of prior express consent under the TCPA." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831-32 (2012) (emphasis added).

## II. THIS ACTION IS NOT BARRED BY THE ELEVENTH AMENDMENT

With respect to the Defendant's Eleventh Amendment arguments, the Plaintiff must reiterate and expand upon its objections concerning procedural improprieties. Not only is this an issue where the Defendant requests summary judgment in its favor concerning a matter not raised in the Defendant's own summary judgment motion, the Defendant has presented the affidavit of a witness that was never disclosed in Rule 26 proceedings and whom the Plaintiff has never had an opportunity to depose. Defendant did not even raise this issue in its Answer and Affirmative Defenses. Further, not only was the Affiant witness, William C. Kelly, Jr., never disclosed, but none of the documentation attached to his affidavit or referenced in his affidavit was ever disclosed by Defendant in any disclosures and/or produced to Plaintiff. For these reasons, the Defendant's new arguments and additional "evidence" should be completely disregarded as grounds for summary judgment, as to do otherwise would greatly prejudice the Plaintiff due to the limited space available in a reply memorandum and the inability to properly contest the Defendant's newly-presented affidavit "evidence."

Notwithstanding this objection, there are a number of evident flaws with the Defendant's arguments. As a starting point, the Defendant has surprisingly failed to even mention Florida's waiver of sovereign immunity statute that was discussed above, section 768.28, despite having specifically acknowledged in its answer that the Plaintiff complied with the pre-suit requirements of this statute [Doc. 8, ¶ 31]. As such, even if the Defendant is correct that it is entitled to sovereign immunity under the Eleventh Amendment, the Plaintiff may still recover up to $200,000 in damages by express consent of the State of Florida. In light of the fact that the Plaintiff has established the existence of more than 500 unlawful calls that are each subject to a minimum $500 penalty (resulting in proven damages in excess of $250,000 before trebling), the entry of a summary judgment order finding the Plaintiff entitled to at least a minimum of $200,000 in damages would be appropriate. Such an order could be of great assistance in resolving the case with finality.

Moreover, the Defendant has hardly established an absence of genuine material fact adequate to establish its entitlement to sovereign immunity as a matter of law. As mentioned above the sole case cited by the Defendant on the issue of sovereign immunity for a Florida school board, *Campbell v. Gadsden County Dist. Sch. Bd.*, 534 F.2d 650 (5th Cir. 1976) held that Florida school boards do not enjoy protection as a "sovereign." While the Defendant argues that the result in this case would be different, it does so principally on the basis of "state funding" evidence from a witness that was not disclosed during discovery and that the Plaintiff never had an opportunity to depose. This affidavit testimony also fails to answer a number of significant funding questions relevant to sovereign immunity, such as (but not limited to) what effects any specified allocation of state funds for specific purposes (transportation, school lunches, etc.) would have on the use of state funds to pay a TCPA judgment. Furthermore, the Plaintiff would

suggest that issues of fact remain as to the degree of control over the Defendant exercised by the state. Indeed, the Florida Statutes provide that "district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law." § 1001.32(2), Fla. Stat (2015). Certainly, the Defendant has not at this point shown that state control over Florida school boards extends "to every aspect of the district's operation from questions and required justifications on major restoration projects, to computer equipment, travel, training, number of employees, salary and merit increases," let alone "to such minuscule matters as objections concerning the expense of watering plants at the District's headquarters and the coffee and donuts served at District meetings," factors that were found to warrant a finding of sovereign immunity for water management districts in *Grimshaw v. S. Florida Water Mgmt. Dist.*, 195 F. Supp. 2d 1358, 1366 (S.D. Fla. 2002).

### III. DEFENDANT'S CALLPLUS+ DIALING SYSTEM IS AN ATDS

#### A. The Callplus+ Dialing System Qualifies as an ATDS and Does Not Require Human Intervention

In its [Doc. 29] Reply, Defendant raises the same arguments that it did in its [Doc. 24] Motion for Summary Judgment concerning whether its Callplus+ Dialing System is an ATDS and whether "human intervention" is required. It is, and no human intervention is required. Plaintiff has addressed these issues and arguments in Plaintiff's [Doc. 22] Motion for Summary Judgment (at pages 16 through 20), and again in Plaintiff's [Doc. 28] Response in Opposition to Defendant's [Doc. 24] Motion for Summary Judgment (at pages 2 through 6). Plaintiff adopts and incorporates herein his prior arguments and citations to authority and to the record evidence before this Court as set forth in Plaintiff's [Doc. 22] Motion for Summary Judgment (at pages 16

through 20), and again in Plaintiff's [Doc. 28] Response in Opposition to Defendant's [Doc. 24] Motion for Summary Judgment (at pages 2 through 6) in reply to these same arguments.

## IV. DEFENDANT'S CALLPLUS+ DIALING SYSTEM USED A PRERECORDED VOICE FOR EVERY CALL.

Defendant argues that because its Callplus+ Dialing System left prerecorded voice messages, those messages were not the type of messages when Congress used the term "prerecorded voice" in the TCPA. Such an argument is incredulous, without any authority in support, and is absolutely contradicted by the plain language of the TCPA. The TCPA imposes liability where a party either uses an ATDS or uses a prerecorded or artificial voice; regardless of the type of call. 47 U.S.C. § 227(b)(1)(A); *Lardner v. Diversified Consultants, Inc.*, 17 F. Supp. 3d 1215, 1222 (S.D. Fla. April 30, 2014); *Ybarra v. Dish Network, LLC*, 2015 U.S. App. LEXIS 18242, *7-8 (5th Cir. 2015); Pub. L. No. 102-243, §§ 2 (10-13) (Dec. 20, 1991) (emphasis added), codified at 47 U.S.C. § 227; see also, *Warnick v. Dish Network, LLC*, 2014 U.S. Dist. LEXIS 138381, *40-41 (D. Colo. Sept. 30, 2014). Plaintiff adopts, and incorporates herein, his prior arguments and citations to authority and to the record evidence as set forth in Plaintiff's [Doc. 22] Motion for Summary Judgment (at pages 16 through 17) and again in Plaintiff's [Doc. 28] Response in Opposition to Defendant's [Doc. 24] Motion for Summary Judgment ( at pages 6 through 8) in reply to this same argument. Here, each and every call made by Defendant's Callplus+ dialing system used a prerecorded voice, regardless of whether the call was answered by a live person, or by an answering machine. (Depo. Rickman, p. 14, l. 4-6; p. 17, l. 20-25; p. 18, l. 1-25; p. 19, l. 1-5; p. 65, l. 5-11; Depo. Harper, p. 11, l. 9).

## V. DAMAGES AND DEFENDANT'S WILFULL OR KNOWING VIOLATIONS

Here, Defendant does not contest that it made 537 prerecorded voice phone calls to Plaintiff's cell phone without Plaintiff's prior express consent. Rather, Defendant argues that its conduct was not willful or knowing. Plaintiff made numerous attempts to try to stop Defendant from violating the law and to stop its harassing phone calls. Defendant's calls never allowed him to interact with a live person; so he was constantly bombarded by these calls, at inconvenient hours, multiple times a day, without any ability to get these calls to stop. Defendant contends that there is "no record evidence" that during the October 22, 2013 conversation Plaintiff "… made any reference to the TCPA." ([Doc. 29], p. 18). However, the TCPA imposes no requirement on the called party to perform legal research and cite to appropriate statutory sections to try to get the intrusive calls to stop. Here, Plaintiff begged Defendant to stop calling. Defendant simply ignored his requests, and continued to call. At a minimum, Defendant's conduct was knowing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of January, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants: Francis H. Sheppard, Esq. and Tim Bench, Esq., Rumberger, Kirk & Caldwell, P.A., Lincoln Plaza, Suite 1400, 300 South Orange Ave., Orlando, FL 32802.

/s/ *Michael Vitoria*
Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@ForThePeople.com
KReynolds@ForThePeople.com
Florida Bar #: 0135534
Attorney for Plaintiff