IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID LAMBERT,

    Plaintiff,

v.                            CASE NUMBER: 6:15-CV-78-ORL-18-DAB

SEMINOLE COUNTY
SCHOOL BOARD,

    Defendant.
_____/

## MOTION TO ALTER/AMEND JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 59(e) of Federal Rules of Civil Procedure,[1] the Plaintiff, David Lambert, hereby makes this motion to alter/amend the January 22, 2016 final judgment entered in favor of the Defendant, the Seminole County School Board [Doc. 34], and states the following in support of this motion:

## MEMORANDUM OF LAW

I. **The Court Erred In Concluding That §768.28 Fla. Stat., Which Provides That Governmental Entities May be Sued In the Same Manner As "Private Individuals" With Regards To Tort Claims, Could Not be Considered In Conjunction With The Provisions of The TCPA Allowing Suits Against "Persons" So As To Allow Suit To Be Brought In This Case.**

In its order, the Court effectively concluded that "governmental entities" were not proper defendants under the Telephone Consumer Protection Act ("TCPA"). In reaching this conclusion, the Court dismissed the notion that section 768.28 of the Florida Statues should be

---

[1] This motion is timely. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." F.R.C.P. 59(e). Judgment was entered on January 22, 2016. [Doc. 34].

considered in conjunction with this analysis, stating, in pertinent part, "Lambert's sovereign immunity argument asks the Court to answer the wrong question; that is, Congress's intent, not Florida's, is the pertinent inquiry. If Congress did not intend to make the TCPA available against governmental entities, it is irrelevant that a governmental entity makes itself available for suit" [Doc. 33, p.7]. The Plaintiff believes that the Court overlooked certain factors that clearly weigh in favor of the Plaintiff's position on this issue and respectfully asks the Court to reconsider its ruling so as to prevent manifest injustice.[2]

As a threshold matter, the Federal Tort Claims Act ("FTCA"), upon which section 768.28 was based, provides a clear guidepost in favor of honoring Florida's statutory proclamation regarding a Florida governmental entity's capacity to be sued as if it were a "private individual." Indeed, the operative language being discussed here from section 768.28(5) holding that a governmental entity can be held liable in tort "in the same manner and to the same extent as a private individual under like circumstances . . ." is exactly the same as found in the Federal Tort Claims Act, the federal government's own waiver of sovereign immunity statute. *See* 28 U.S.C. §2674 (also stating that the federal government may be held liable in tort "in the same manner and to the same extent as a private individual under like circumstances . . ."). Importantly, the FTCA, contrary to ignoring state law, instead pays it great deference, as "an action under FTCA exists only if the State in which the alleged misconduct occurred would permit a cause of action

---

[2] It should be noted that reconsideration is particularly appropriate in this case, where a number of points mentioned by the Court in favor of its ruling were not explicitly argued by the Defendant. As such, this motion serves the manifest interests of justice as the Plaintiff's first opportunity to address certain matters which were mentioned in the Court's summary judgment order [Doc. 33], including in particular the Court's rationale concerning section 768.28. Notably, this problem was at least in part created by the Defendant's improper request for summary judgment in its favor made in its response to the Plaintiff's motion for summary judgment, when this request should have instead been made in its own motion for summary judgment. The Plaintiff's objection to this breach of procedure was not solely founded on untimeliness, but also upon the procedural disadvantage and prejudice suffered by the Plaintiff.


for that misconduct to go forward." *Carlson v. Green*, 446 U.S. 14, 23 (1980). The TCPA amply meets this test, as a TCPA cause of action is as cognizable in the Florida state courts as it is in the federal courts because of an unusual provision in the TCPA explicitly allowing cases to be brought in state court. *See Condon v. Office Depot, Inc.*, 855 So. 2d 644, 647 (Fla. 2d DCA 2003) (holding that TCPA claims may be heard in Florida state courts). Indeed, the TCPA has been recognized as a rather unique cause of action[3] because, "although Congress created the private TCPA action, it was from the beginning a cause of action in the states' interests." *Int'l Sci. & Tech. Inst., Inc. v. Inacom Communications, Inc.*, 106 F.3d 1146, 1154 (4th Cir.1997) (discussing Congressional findings that over half the states had similar statutes but they were being evaded through interstate operations and that the states had expressed a desire for federal legislation to supplement their restrictions).

The Court's approach to section 768.28 is flawed in at least three ways. First, given the fact that the operative portions of section 768.28 are modeled after the FTCA, it can hardly be said that the intent of Congress in passing the TCPA was to pay Florida's statutory scheme for the liability of governmental entities little to no heed when Florida's treatment of that issue deliberately mirrored Congress's own approach to such matters. Secondly, it makes little sense to assume that, in enacting the TCPA, Congress intended to disregard state law, namely Florida's waiver of sovereign immunity statute, when Congress's own waiver of sovereign immunity statute, the FTCA, expressly gives great deference to state law. Thirdly, the TCPA has a special relationship to state law, most particularly its unusual provision explicitly providing jurisdiction

---

[3] Notably, while the TCPA is a statute, it has been extensively recognized that the TCPA is effectively an embodiment of the common-law tort of invasion of privacy. *See, e.g., Penzer v. Transp. Ins. Co.*, 29 So. 3d 1000, 1006 (Fla. 2010)(discussing the privacy interests vindicated by the TCPA and holding that insurance policy that provided coverage for a violations of a "right of privacy" encompassed TCPA claims).

to state courts that militates in favor of careful adherence to state law. Given the ease with which the TCPA and section 768.28 can be harmonized by simply honoring state law in treating the school board as a "private person" and permitting suit under the TCPA which recognizes "persons" as viable defendants, the only logical conclusion is that Section 768.28 should be given its full effect.

As a final note, the Court's ruling fails to take into account the extensive influence that state law already has on establishing who may be a TCPA defendant. For example, as recognized by this Court's order, the TCPA explicitly allows suit against "corporations." However, the registration and determination of what entities constitute corporations is almost exclusively the province of state law. Here, there is little doubt that Florida could have established its school boards as corporations, thus making them amenable to suit under the TCPA. If Florida had the power to establish its school boards as one type of viable defendant under the TCPA, why should Florida's decision that governmental entities may be sued in tort as "private persons" not also be honored?

## II.     The Court Has Misconstrued the TCPA's Intent And Legislative History.

As a threshold matter, the Court is correct that much of the rationale for the original passing of the TCPA involved telemarketing. However, that was not exclusively the case, nor does it reflect the current state of the law. Indeed, it is important to remember that the TCPA has restrictions for multiple modes of communication, including residential telephone lines, fax machines, and cellular phones. While some provisions of the TCPA might be limited to telemarketers, it is clear that no such limitation applies to the provision that "prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.... [T]his prohibition applies regardless of the content of the call, and is not limited only to calls that constitute 'telephone solicitations.'" *Griffith v.*

4

*Consumer Portfolio Serv., Inc.*, 838 F.Supp. 2d 723, 728 (N.D. Ill. 2011) (quoting *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd at 565).

More importantly, the Court has misconstrued certain aspects of the legislative history of the TCPA. For example, while the legislative history of the TCPA indicates that the Congressional Budget Office had determined that "enactment of the TCPA would result in no costs to state or local governments," this accounting clearly only intended to address the direct costs of passage of the TCPA, *i.e.,* creation and maintenance of the "do not call list," which was the responsibility of the federal government. The fact that indirect costs were not accounted for is made evident from the fact that the TCPA allowed cases to be brought in state courts (hardly a revenue-neutral proposition), but the costs from this were not included in the CBO estimate. Additionally, the Court's citation to the Committee's finding "that governmental and non-governmental entities should be permitted to use automated telephone dialing systems to provide publish health and safety warnings" actually cuts against the Court's conclusion that governmental entities are not bound by the TCPA. H.R. REP. No. 102-317 at 25. If the TCPA was intended to have no application to governmental entities, why would it be necessary to clarify that governmental entities should be allowed to do something under the TCPA?

## RULE 3.01(G) CERTIFICATION

Pursuant to Rule 3.01(g) of the Local Rules for the United States District Court for the Middle District of Florida, the undersigned conferred with counsel for Defendant to discuss the merits of the instant motion to alter/amend judgment. Defendant's counsel stated he opposes this motion.

## CONCLUSION

The Plaintiff respectfully requests that the instant motion be granted and that the case be reopened for further proceedings consistent with the arguments made herein.

Respectfully submitted,

/ s / Michael J. Vitoria
Michael J. Vitoria
Florida Bar Number: 0135534
Morgan & Morgan, P.A.
One Tampa City Center
201 North Franklin Street
Tampa, Florida 33602
Telephone:   (813) 223-5505
Facsimile:   (813) 223.5402-9295
Email: MVitoria@ForThePeople.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 18th day of February, 2016, a true and correct copy of the foregoing was served via CM/ECF to the following:

Francis H. Sheppard, Esquire
Tim Bench, Esquire
Rumberger, Kirk & Caldwell, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Orlando, Florida 32802
Email: fsheppard@rumberger.com
fsheppardscy@rumberger.com
docketorlando@rumberger.com
tbench@rumberger.com
tbenchsecy@rumberger.com

/ s / Michael J. Vitoria
Attorney